**Eric B. Swartz, ISB #6396**
**JONES & SWARTZ PLLC**
**Landmark Legal Group™**
623 West Hays Street
Boise, ID  83702
Telephone:  (208) 489-8989
Facsimile:  (208) 489-8988
Email:  eric@jonesandswartzlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRIS BERGLUND, individually and an Idaho resident,<br><br>                          Plaintiff,<br><br>vs.<br><br>CANYON COUNTY, IDAHO, by and through the members of its Board of County Commissioners, LESLIE VAN BEEK, TOM DALE, PAM WHITE, each sued in their official capacity; and BRYAN TAYLOR, in his official capacity as Canyon County Prosecutor,<br><br>                          Defendants. | Case No. 1:19-cv-396<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **VIOLATION OF EQUAL PAY ACT 29 U.S.C. §206(d)(1) AND § 215(a)(3); AND**<br><br>2. **VIOLATION OF DISCRIMINATORY WAGE RATES BASED ON SEX IDAHO CODE § 44-1702** |

COMES NOW Plaintiff Chris Berglund, by and through her counsel of record, Jones & Swartz PLLC, Landmark Legal Group™, and by way of her Complaint against Canyon County, and its Commissioners and Prosecuting Attorney, pleads and avers as follows:

### NATURE OF THE ACTION

This is an action for relief from employment discrimination in violation of the Equal Pay Act of 1963 and Idaho's prohibition against Discriminatory Wages Based on Sex.   Plaintiff was

COMPLAINT AND DEMAND FOR JURY TRIAL – 1

an employee of Canyon County.  Plaintiff served as a Deputy Prosecuting Attorney at the Canyon County Prosecutor's Office under Canyon County Prosecutor, Bryan Taylor.

Plaintiff was one of several female Canyon County Deputy Prosecuting Attorneys being paid less than male Deputy Prosecuting Attorneys.  Plaintiff alleges that Defendants have denied Plaintiff equal compensation based on sex.  Plaintiff also alleges that she was retaliated against after she complained about the disparate pay between males and females.  Plaintiff seeks compensatory damages, liquidated damages, general damages, punitive damages and reasonable attorneys' fees and costs as remedies for Defendants' violations of her rights.

## PARTIES

1. Plaintiff Chris Berglund is an Idaho citizen residing in the county of Ada and was an employee of Canyon County for approximately one and a half years.

2. Defendant Canyon County is a county organized under Title 31 of the Idaho Code. The County is amenable to suit through its Board of County Commissioners, whose members Leslie Van Beek, Tom Dale, and Pam White are Defendants herein each of whom is sued in their official capacity. Pursuant to Idaho Code sections 31-816 and 31-2602, the County, through its Commissioners, is charged with fixing the compensation of all county employees, and providing for the payment of the same.

3. At all relevant times hereto, Defendant Bryan Taylor served in his official capacity as Canyon County Prosecutor and in that capacity is tasked with, *inter alia*, staffing his office with Deputy Prosecuting Attorneys and securing wages for the same.

## VENUE AND JURISDICTION

4. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

5.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with her federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

6.      Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

7.      At all relevant times hereto, Defendants employed Idaho State Bar licensed attorneys to work as Deputy Prosecuting Attorneys in Canyon County.

8.      At all relevant times hereto, Plaintiff was hired by Defendants as one of several female Deputy Prosecuting Attorneys.

9.      At all relevant times hereto, Plaintiff and several of her female Deputy Prosecuting Attorneys were paid less than their male colleague Deputy Prosecuting Attorneys for equal work, the performance of which required equal skill, effort, and responsibility, and which was performed under similar working conditions.

10.     Plaintiff and her female colleagues' work as Deputy Prosecuting Attorneys was substantially equal to their male colleagues' work as Deputy Prosecuting Attorneys.

11.     Plaintiff's qualifications and years of experience, as well as those of her female colleagues, are similar to, or superior to, their male colleagues' qualifications and years of experience, and yet, the females' wage rates are less:

| Employee | Date Admitted to the Bar as an Attorney | Yrs. Experience | Wage Rate |
|---|---|---|---|
| Chris Berglund | April 2004 | 15 | $41.60 |
| Female Colleague #1 | September 1996 | 23 | $38.43 |
| Female Colleague #2 | May 2004 | 15 | $45.15 |
| Female Colleague #3 | September 2004 | 15 | $44.74 |
| Male Colleague #1 | October 1999 | 20 | $48.80 |
| Male Colleague #2 | September 2001 | 18 | $46.57 |

12.     The disparity in pay between the Plaintiff and her female colleagues and their male colleagues is not the result of a seniority system, merit system, a system which measures earnings by quantity or quality of production, nor any other factor other than sex.

## COUNT I:

### VIOLATION OF EQUAL PAY ACT
### 29 U.S.C. §206(d)(1)

13.     Plaintiff realleges and incorporates by reference all of the foregoing allegations as if fully set forth herein.

14.     Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

15.     Defendants have employed Plaintiff and her female and male colleagues as Deputy Prosecuting Attorneys – a job requiring substantially equal skill, effort, and responsibility.

16.     Plaintiff and her female and male colleagues performed their jobs under similar

COMPLAINT AND DEMAND FOR JURY TRIAL – 4

working conditions.

17. Plaintiff and her female colleagues were paid a lower wage than their male colleagues doing substantially equal work.

18. The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

19. Defendants caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Equal Pay Act.

20. As a direct, legal and proximate result of Defendants' conduct, willful or otherwise, Plaintiff has sustained economic damages, including but not limited to back wages and benefits, all in amounts to be proven at trial.

21. As a result of Defendants' actions, Plaintiff seeks compensatory and monetary relief available for equal pay violations at trial, including liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

## COUNT II:

### DISCRIMINATORY WAGE RATES BASED ON SEX IN VIOLATION OF IDAHO CODE § 44-1702

22. Plaintiff realleges and incorporates by reference all of the foregoing allegations as if fully set forth herein.

23. Idaho Code section 44-1702 Act makes it unlawful for an employer to "discriminate between or among employees in the same establishment on the basis of sex, by paying wages to any employee in any occupation in this state at a rate less than the rate at which [it] pays any employee of the opposite sex for comparable work on jobs which have comparable

requirements relating to skill, effort and responsibility."

24. Defendants have employed Plaintiff and her female and male colleagues as Deputy Prosecuting Attorneys – a job requiring comparable work with comparable requirements relating to skill, effort and responsibility.

25. Plaintiff and her female colleagues were paid a lower wage than their male colleagues doing substantially equal work.

26. The differential in pay between male and female employees was not due to an established seniority system or merit increase system.

27. Defendants caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Idaho law.

28. As a direct, legal and proximate result of Defendants' conduct, willful or otherwise, Plaintiff has sustained, and will continue to sustain, economic damages, including but not limited to back wages and benefits, all in amounts to be proven at trial.

29. As a result of Defendants' actions, Plaintiff seeks compensatory and monetary relief available for equal pay violations at trial, including liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to Idaho Code § 44-1704.

## COUNT III:

### RETALIATION IN VIOLATION OF EQUAL PAY ACT 29 U.S.C. §215(a)(3)

30. Plaintiff realleges and incorporates by reference all of the foregoing allegations as if fully set forth herein.

31. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or

instituted or caused to be instituted any proceeding under or related to [the Equal Pay] Act, or has testified or is about to testify in any such proceeding. . . ."

32. In June 2019, and after learning of information that gave Plaintiff a reasonable, good faith, belief that a male Deputy Prosecuting Attorney was making significantly more than Plaintiff, Plaintiff complained about the same to her boss, Canyon County Prosecuting Attorney, Bryan Taylor.

33. In response, Bryan Taylor wrote an email to Plaintiff stating that he was "disappointed at [Plaintiff's] judgment in threatening the Office with legal action regarding [her] salary."

34. Bryan Taylor further stated that "I do not engage with my at-will deputized employees with threats of litigation or third parties, and will not allow the mission or integrity of this Office to be compromised by any employees' threats."

35. Bryan Taylor further stated in his email that the disparate salary Plaintiff was complaining of was "legally defensible" and that he was copying "Chief Deputy of []his Office and head legal counsel for Canyon County" on the email.

36. Bryan Taylor further stated in the email that he was "sorry to hear that [Plaintiff was] unhappy" and hoped that she could become informed when communicating with him about compensation.

37. Bryan Taylor also directed Plaintiff to use an internal resolution process if, after becoming informed, her concerns were not resolved.

38. Plaintiff received her boss' email as a material threat to the continuation of her employment, materially altering the terms of her employment, and infringing on her rights under the law.

39. Plaintiff received her boss' email as discouraging her and any reasonable worker from engaging in similar protected activity of complaining about disparate wages between males and females.

40. Following her complaint about disparate wages, Plaintiff was subject to scrutiny in the workplace that other employees were not subject to and such scrutiny was materially adverse.

41. Ultimately, on October 8, 2019, Bryan Taylor sent notice to Plaintiff that her employment was going to be terminated on October 10, 2019. The purported basis for the termination was that Plaintiff engaged in an inappropriate relationship with a city police officer while on-duty.

42. The basis for Plaintiff's termination is a pretext. The Plaintiff's relationship with the officer did not take place in the workplace or on the clock, but on Plaintiff's personal time.

43. As a direct, legal and proximate result of Defendant Bryan Taylor's conduct, willful or otherwise, Plaintiff has sustained economic damages, including but not limited to lost wages and benefits, all in amounts to be proven at trial.

44. As a result of Defendant Bryan Taylor's actions, Plaintiff seeks compensatory damages in form of lost wages and benefits, liquidated damages, interest, general damages, including emotional distress, pain and suffering, and lost opportunity, nominal damages, punitive damages upon leave of Court, and attorneys' fees and costs, and other compensation allowable under the law.

## COUNT IV:

### RETALIATION IN VIOLATION
### OF IDAHO CODE § 44-1702(2) AND (3)

45. Plaintiff realleges and incorporates by reference all of the foregoing allegations as

if fully set forth herein.

46. Pursuant to Idaho Code section 44-1702(2) "No person shall cause or attempt to cause an employer to discriminate against any employee in violation of this act."

47. Pursuant to Idaho Code section 44-1702(3) "No employer may discharge or discriminate against any employee by reason of any action taken by such employee to invoke or assist in any manner the enforcement of this act."

48. In June 2019, and after learning of information that gave Plaintiff a reasonable, good faith, belief that a male Deputy Prosecuting Attorney was making significantly more than Plaintiff, Plaintiff complained about the same to her boss, Canyon County Prosecuting Attorney, Bryan Taylor.

49. In response, Bryan Taylor wrote an email to Plaintiff stating that he was "disappointed at [Plaintiff's] judgment in threatening the Office with legal action regarding [her] salary."

50. Bryan Taylor further stated that "I do not engage with my at-will deputized employees with threats of litigation or third parties, and will not allow the mission or integrity of this Office to be compromised by any employees' threats."

51. Bryan Taylor further stated the disparate salary that Plaintiff was complaining of was "legally defensible" and that he was copying "Chief Deputy of []his Office and head legal counsel for Canyon County" on the email.

52. Bryan Taylor further stated in the email that he was "sorry to hear that [Plaintiff was] unhappy" and hoped that she could become informed when communicating with him about compensation.

53. Bryan Taylor also directed Plaintiff to use an internal resolution process if, after

COMPLAINT AND DEMAND FOR JURY TRIAL – 9

becoming informed, her concerns were not resolved.

54. Plaintiff received her boss' email as a material threat to the continuation of her employment, as materially altering the terms of her employment, and infringing on her rights under the law.

55. Plaintiff received her boss' email as discouraging her and any reasonable worker from engaging in similar protected activity of complaining about disparate wages between males and females.

56. Following her complaint about disparate wages, Plaintiff was subject to scrutiny in the workplace that other employees were not subject to and such scrutiny was materially adverse.

57. Ultimately, on October 8, 2019, Bryan Taylor sent notice to Plaintiff that her employment was going to be terminated on October 10, 2019. The purported basis for the termination was that Plaintiff engaged in an inappropriate relationship with a city police officer while on-duty.

58. The basis for Plaintiff's termination is a pretext. The Plaintiff's relationship with the officer did not take place in the workplace or on the clock, but on Plaintiff's personal time.

59. As a direct, legal and proximate result of Defendant Bryan Taylor's conduct, willful or otherwise, Plaintiff has sustained economic damages, including but not limited to lost wages and benefits, all in amounts to be proven at trial.

60. As a result of Defendant Bryan Taylor's actions, Plaintiff seeks compensatory damages in form of lost wages and benefits, liquidated damages, interest, general damages, including emotional distress, pain and suffering, and lost opportunity, nominal damages, punitive damages upon leave of Court, and attorneys' fees and costs, and other compensation allowable

under the law.

## REQUEST FOR ATTORNEY FEES

Plaintiff has been forced to retain the services of counsel and incur attorney fees and costs related to the prosecution of this action.  Plaintiff is entitled to recover her reasonable costs and attorney fees incurred pursuant to any and all Federal Rule of Civil Procedure 54; 29 U.S.C. § 216, Idaho Code §§12-121 and 44-1702; and other applicable state and federal law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment for relief in her favor and against Defendants as follows:

1. For an order awarding Plaintiff her damages in amounts to be proven at trial, including compensatory damages in form of back pay and benefits, liquidated damages, front pay and benefits, pre and post judgment interest, and other compensation pursuant to 29 U.S.C. §216(b) and Idaho Code § 44-1702, as a result of discriminatory wages.

2. For an order awarding Plaintiff her damages in amounts to be proven at trial, including compensatory damages in form of lost wages and benefits, liquidated damages, interest, general damages, including emotional distress, pain and suffering, and lost opportunity, nominal damages, punitive damages upon leave of Court, and other compensation allowable under 29 U.S.C. §215(a)(3), Idaho Code § 44-1702, and the law, as a result of retaliation in violation of the law.

3. For an order awarding Plaintiff her reasonable costs of suit, attorney fees, and post-judgment interest pursuant to Federal Rule of Civil Procedure 54; 29 U.S.C. § 216, Idaho Code §

44-1702; and other applicable state and federal law; or $5,000 should this matter proceed by default against any Defendant;

    4.      For any and all further relief the Court may deem just, equitable, and proper.

DATED this 11th day of October, 2019.

                                      JONES & SWARTZ PLLC

                                      By   /s/  Eric B. Swartz
                                             ERIC B. SWARTZ