UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRIS BERGLUND, individually and an Idaho resident,<br><br>Plaintiff,<br><br>v.<br><br>CANYON COUNTY, IDAHO, by and through the members of its Board of County Commissioners, LESLIE VAN BEEK, TOM DALE, PAM WHITE, each sued in their official capacity; and BRYAN TAYLOR, in his official capacity as Canyon County Prosecutor,<br><br>Defendants. | Case No. 1:19-cv-00396-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS (DKT. 6)** |

## INTRODUCTION

Pending before the Court is a motion to dismiss filed by the Canyon County Commissioners and the Canyon County Prosecutor. (Dkt. 6.) The parties have filed responsive briefing and the matter is ripe for the Court's review. (Dkt. 13, 14.) Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be

MEMORANDUM DECISION AND ORDER - 1

significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. For the reasons that follow, the Court will grant the motion to dismiss.[1]

## ANALYSIS

**1.     The Official Capacity Claims Against the Individual Defendants**

This case involves claims alleging wage discrimination between male and female deputy prosecutors in Canyon County, Idaho, and retaliation.

Plaintiff Chris Berglund was employed by Defendant Canyon County as a Deputy Prosecutor for approximately one and a half years, from March 19, 2018 to October 10, 2019. (Dkt. 1 at ¶ 1.) Berglund alleges she was one of "several female Canyon County Deputy Prosecuting Attorneys being paid less than male Deputy Prosecuting Attorneys" in violation of the Federal Equal Pay Act (EPA) and the Idaho Wage Discrimination Based on Sex Act (IWDA). (Dkt. 1 at 2.)

In June 2019, Berglund complained about the alleged wage discrepancy to her supervisor, Canyon County Prosecutor Bryan Taylor. (Dkt. 1 at ¶ 32.) Berglund alleges that, after she complained to Taylor, she was "subject to scrutiny in the workplace that others were not subject to and such scrutiny was materially adverse." (Dkt. 1 at ¶¶ 40, 56.) On October 8. 2019, Berglund was notified that Canyon County was terminating her

---

[1] All parties have consented to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 15.)

employment, effective October 10, 2019, because she had engaged in an inappropriate relationship with a law enforcement officer. (Dkt. 1 at ¶ 57); (Dkt. 6-1 at 2.) Berglund alleges the purported reason for her termination of employment was pretext and that she was actually terminated because of her wage discrimination complaint. (Dkt. 1 at ¶¶ 41-42, 57-58.)

Berglund filed this action on October 11, 2019, against Canyon County as well as the each of the Canyon County Commissioners and Prosecutor Taylor, all in their official capacities only. The Commissioners and Prosecutor Taylor filed the motion to dismiss presently before the Court on the ground that this action is brought against them in their official capacities only and is duplicative of the action against the County and, therefore, subject to dismissal.[2] The Court agrees.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 463 U.S. 658, 690, n. 55 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Hillblom v. County of Fresno*, 539 F.Supp.2d 1192, 1202 (E.D. Cal. 2008) (quoting *Luke v. Abbott*, 954 F.Supp. 202, 203

---

[2] Defendants raised other grounds for dismissal in their motion, including failure to state a claim and failure to post a bond. (Dkt. 6.) Because dismissal of the Commissioners and Prosecutor Taylor in their official capacity is dispositive, the Court need not discuss the other grounds.

(C.D. Cal. 1997)). "[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity." *Id.*; *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). As the district court in *Hillblom* explained:

> A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

*Hillblom*, 539 F.Supp. 2d at 1203 (quoting *Luke*, 954 F.Supp. at 204).

In this case, the Commissioners and Prosecutor Taylor have been sued only in their official capacities along with the County. Based on the authorities cited above, the Court finds the action against the Commissioners and Prosecutor Taylor in their official capacities is duplicative with the action against the County. *See Johnson, et al. v. Canyon County, Idaho, et al.*, Case No. 1:19-CV-364-BLW, 2020 WL 534038 (D. Idaho Feb. 3, 2020). The Court will, therefore, grant the motion and dismiss the named Commissioners and Prosecutor Taylor in their official capacities.

**2. Amendment of the Complaint**

Although Berglund cannot, as a matter of law, raise official capacity claims against the Commissioners or Prosecutor Taylor, Berglund may be able to state plausible claims against one or some of them in their individual capacities.

Claims of wage discrimination under the EPA may be made against an "employer" as defined in the statute. *See* 29 U.S.C. §§ 203(d), 206(d). The EPA defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in

MEMORANDUM DECISION AND ORDER - 4

relation to an employee." 29 U.S.C. § 203(d). The EPA's definition of "employer" is "not limited by the common law concept of 'employer' and is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983) (citing to *Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748, 754 (9th Cir. 1979)). Anti-retaliation claims under the EPA are not limited to employers but, instead, extend to "any person acting directly or indirectly in the interest of the employer." *See Arias v. Raimondo*, 860 F.3d 1185 (9th Cir. 2017) ("Congress clearly means to extend section 215(a)(3)'s reach beyond actual employers.").

Public officials may, therefore, be held individually liable under the FLSA. *See MacIntyre v. Moore*, 335 F.Supp.3d 402, 418-424 (W.D.N.Y. 2018); *Wisniewski v. Town of Columbus*, No. CV-09-28-BLG-CSO, 2009 WL 10701744, at *7 (D. Mont. Nov. 18, 2009).[3] Thus, Berglund may be able to state plausible claims against the Commissioners or Prosecutor Taylor in their individual capacities.

Because Berglund did not name the Commissioners or Prosecutor Taylor in their individual capacities, however, the Court did not consider whether the claims were proper as to them in their individual capacities on this motion. The Court's ruling on the present

---

[3] The parties dispute whether a claim can be brought against individuals under the IWDA. (Dkt. 13 at 5) (Dkt. 14 at 5-6.) The statutory language of the IWDA differs somewhat from the EPA's anti-retaliation language. *Compare* 29 U.S.C. §§ 206(d)(1), 215(a)(3); Idaho Code §§ 44-1702(2), (3). The Court makes no determination at this time concerning that question.

motion is limited to the question before it, regarding the Defendants named separately from Canyon County itself, but in their official capacities. Dismissal of these Defendants in their official capacities, however, complicates Berglund's retaliation claims, which are asserted "directly against" Prosecutor Taylor only, in his official capacity. (Dkt. 13 at 7.) With the dismissal of Prosecutor Taylor in his official capacity, the retaliation claims in the complaint are not directed against Canyon County, the only remaining party.

Because Berglund may be able to allege individual capacity claims against the Commissioners or Prosecutor Taylor and to provide an opportunity to correct the retaliation claim, the Court will allow Berglund to file an amended complaint consistent with this Order. Fed. R. Civ. P. 15(a) (Leave to amend should be freely given when justice so requires.). No leave to amend will be allowed as to the official capacity claims, however, because doing so would be futile. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (A "district court does not err in denying leave to amend where the amendment would be futile.").

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Dismiss (Dkt. 6) is **GRANTED**. Canyon County Commissioners Leslie Van Beek, Tom Dale, and Pam White, and Canyon County Prosecutor Bryan Taylor, are dismissed from this action in their official capacities.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint, as discussed herein, on or before **March 25, 2020**.

DATED: March 4, 2020.

Honorable Candy W. Dale
United States Magistrate Judge