PAMELA S. HOWLAND
Idaho State Bar No. 6177
REBECCA L. STEWART
Idaho State Bar No. 10777
IDAHO EMPLOYMENT LAWYERS, PLLC
1116 S. Vista Ave., #474
Boise, ID  83705
Telephone (208) 484-8921
Facsimile: (208) 534-7445
Email: phowland@idemploymentlawyers.com;
Email: rstewart@idemploymentlawyers.com

Attorneys for Defendant Canyon County, Idaho.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRIS BERGLUND, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CANYON COUNTY, IDAHO, by and through the members of its Board of County Commissioners, LESLIE VAN BEEK, TOM DALE, PAM WHITE, in their official capacity; and BRYAN TAYLOR, in his official capacity as Canyon County Prosecutor,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00396-CWD<br><br>**STIPULATION FOR PROTECTIVE ORDER PURSUANT TO F.R.C.P 26(c)** |

　　　　WHEREAS, the parties to this Stipulation wish to maintain the confidentiality of certain

documents and information that may be disclosed in this action that they deem to be confidential,

and wish to ensure that such information shall not be used for any purpose other than in this

**STIPULATION FOR PROTECTIVE ORDER PURSUANT TO F.R.C.P 26(c) - 1**

action, the parties, through their undersigned counsel, and pursuant to F.R.C.P. 26(c), hereby request that the Court enter the Protective Order attached hereto as Exhibit 1.

DATED this 19th day of April, 2020.

                    IDAHO EMPLOYMENT LAWYERS PLLC

                    By   /s/ Pamela S. Howland
                    Pamela S. Howland
                    Attorneys for the Defendant

DATED this 19th day of April, 2020.

                    JONES & SWARTZ

                    By   /s Eric B. Swartz
                    Eric B. Swartz
                    Attorneys for the Plaintiff

# EXHIBIT 1

## PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(c)

1. Any information and/or document produced or exchanged in the course of this case that is designated and marked "CONFIDENTIAL" pursuant to paragraph 2 herein, shall be subject to the terms of this Protective Order. Federal Rule of Civil Procedure 34(a)(1)(A) provides the definition of "document" in this Order.

2. The above captioned Defendant and Plaintiff may obtain confidential treatment, pursuant to the terms of this Order, for certain confidential or proprietary information, information protected by the right to privacy, trade secrets, nonpublic inside information, private individual financial information, private protected health information, commercially sensitive information, personnel files, or any other sensitive or proprietary information that has not been made public, by marking "CONFIDENTIAL" on each page of the document(s) for which the confidential treatment is sought consistent with the terms of this Protective Order. In lieu of marking the original of the document(s), the party may mark the copies that are produced or exchanged.

3. Information produced or exchanged in the course of this case shall be used solely for the purposes of the prosecution or defense of this case and for no other purpose. Information or materials designated as "CONFIDENTIAL" shall not be made available to anyone other than "QUALIFIED PERSONS" as defined in paragraph 5. Information that a party may designate as "CONFIDENTIAL" shall be referred to as "Confidential Material."

4. The documents or information designated as "CONFIDENTIAL" may be disclosed to witnesses during oral depositions of such persons if such persons are "Qualified Persons" as defined in paragraph 5 and if they comply with the terms of paragraph 6 hereof;

provided, however, that to the extent that the transcript of any deposition and the exhibits thereto incorporate confidential documents, whatever portions of the transcript and those exhibits shall be confidential, subject to further order of the Court.

5. Unless and until a party obtains a court order permitting other disclosure, all information and documents designated "CONFIDENTIAL" and the contents of those documents covered by this Protective Order shall be disclosed only to "Qualified Persons." "Qualified Persons" shall include only:

    5.1    The above captioned Defendant and Plaintiff and any experts or witnesses testifying on their behalf;

    5.2    Court reporters transcribing testimony in the lawsuit;

    5.3    Any outside consultant or expert retained by the above captioned Defendant or Plaintiff for the purposes of this case, case number 1:19-cv-00396-CWD, subject to the provisions of paragraph 6;

    5.4    Legal counsel of record for the above captioned Defendant and Plaintiff, their respective office associates, legal assistants, secretaries and clerical employees;

    5.5    Such other persons as the parties may agree to in writing;

    5.6    The Court and Court personnel;

    5.7    The author of the document, any recipient of that document if said person came into possession of the document, information, or material during the normal course of his/her business and/or professional activities and said person was legally and properly to receive said document, information or materials, and any person whose name appears on a document; and

5.8     Any deponent in this matter who does not also fall within the provisions of paragraph 5.7 above, subject to the provisions of paragraph 6.

6.      No outside consultant or expert, as defined in paragraph 5.3, shall have access to information or materials subject to this Protective Order unless the party seeking to disclose such information had made a good faith determination that such information or materials are relevant to the purpose for which the outside consultant or expert has been retained. Further, no deponent, as defined in paragraph 5.8, shall be shown or permitted to view information or materials subject to this Protective Order unless the party seeking to disclose such information has a made a good faith determination that such information or materials are relevant to the subject of examination.

7.      In the event of inadvertent disclosure of information or materials designated "CONFIDENTIAL" to a person not authorized for access to such material under the terms of this Order, the party responsible for having made and any party with knowledge of such disclosure shall immediately inform counsel for the party whose "CONFIDENTIAL" information has thus been disclosed of all known relevant information concerning the nature and the circumstances of the disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or material is made by anyone and each party will cooperate in that effort.

8.      In the event a party purposely discloses information or materials designated as "CONFIDENTIAL" the other party may move the Court for an order against the producing party for violating the terms and provisions of this Protective Order.

9.      If a party produces any material in discovery containing proprietary information without having previously marked the material "CONFIDENTIAL" such disclosure shall not be deemed to be a waiver. The party may subsequently designate the material as

"CONFIDENTIAL" by written notice whereupon the opposing party will, from that date forward, treat the material as so designated.

10. To the extent "CONFIDENTIAL" information is revealed or discussed during any deposition taken in this matter, counsel taking said deposition shall designate the transcript and/or recordation thereof as "CONFIDENTIAL."

11. If a document includes "CONFIDENTIAL" information in addition to other information that is not Confidential Material and the "CONFIDENTIAL" or information is redacted, the documents should be marked with the words "CONFIDENTIAL INFORMATION REDACTED" and the remainder of the document may be treated as if no "CONFIDENTIAL" material or information existed in the document.

12. Counsel for any party may exclude from the room during a deposition, any person (other than the witness who is then testifying) who is not entitled under this Protective Order to receive Confidential Information.

13. This Protective Order does not waive any grounds for withholding documents or information from disclosure or production. Nothing in this Protective Order shall obligate any party to produce any document or information or waive any objection to production or disclosure.

14. Notwithstanding the foregoing, either party may challenge the designation of documents or information as "CONFIDENTIAL." A party that elects to initiate a challenge to a designation must do so in good faith and must begin the process by conferring with counsel for the designating party. In so conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change

in designation is offered, to explain the basis for the designation. The challenging party may petition the Court only if it has conferred with the other party as described in this paragraph.

15. A party that elects to proceed with a court challenge to a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Such motion must be accompanied by an affidavit that affirms that the movant has conferred with the other party as described in the preceding paragraph and that sets forth the explanation for the designation given by the designating party. Until the Court rules on the challenge, all parties shall continue to afford the documents or information in question the level of protection to which it is entitled under the designation. Within 30 days of the termination of the above-entitled action, including any appeals, each party shall destroy or return to the opposing party all documents designated by the opposing party as "CONFIDENTIAL." Documents determined not to be confidential by the Court or as agreed to by the parties will not need to be destroyed or returned.

16. This Protective Order is without prejudice to the right of either party to object to the admissibility or use of any information or documents referred to it in any manner in this case in the future.

17. The Court retains jurisdiction to enforce the provisions of the Protective Order and to make such arrangements, modifications and additions to the Protective Order as the Court may from time to time deem appropriate including, without limitation, the disclosure of Confidential Materials in hearings and trials of this matter.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of April, 2020, I filed the foregoing **Stipulated Protective Order** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

| | |
|---|---|
| Mr. Eric B. Swartz | [ ] U.S. Mail, Postage Prepaid |
| JONES & SWARTZ | [ ] Express Mail |
| Landmark Legal Group | [ ] Hand Delivery |
| 623 W. Hays Street | [ ] Fax |
| Boise, ID 83702 | [X] CM/ECF filing |
| Telephone: (208) 489-8989 | [ ] Electronic Mail: |
| Facsimile: (208) 489-8988 | |
| Email: eric@jonesandswartzlaw.com | |

/s/ Pamela S. Howland
PAMELA S. HOWLAND

**STIPULATION FOR PROTECTIVE ORDER PURSUANT TO F.R.C.P 26(c) - 8**